{¶ 26} I respectfully dissent from the majority opinion. The prosecutor asked Detective Digregorio, "Why did you perform a pat-down procedure?" The Detective never answered this most pivotal Terry v.Ohio[1] inquiry. Instead, the Detective said he first asked Johnson, "Do you have any weapons or contrabands?" This question was presented to Johnson immediately upon Detective Digregorio approaching Johnson. This questioning by the officer circumvents Terry in a manner that makes the frisk requirement of Terry meaningless. My reading of Terry is that the officer must articulate a reasonable suspicion that Johnson was armed and dangerous before a search. This question is tantamount to a search and must not be confused as an investigatory stop. Additionally, the golf club alone is not enough to justify the sentence. Furthermore, the officer doesn't say that he believed Johnson was a threat to his safety because of the golf club. The officer stated they monitored the situation and the record suggests the danger, if any, had dissipated. The sole reason for the officers' approaching both men is the suspected drug buy. We know this because the officers waited.
 {¶ 27} Furthermore, I am not impressed with the majority opinion's conclusion, nor the trial court's finding, that Johnson's response to the Detective's question was consensual. To say that Johnson was free to leave or could have refused to respond ignores the reality of what happens in these police-citizen street encounters. I believe Johnson responded to the officers' show of authority and did not consent to the frisk. State v. Bailey (June 28, 1989), Fourth Dist. No. 1725, State v.Keith (February 23, 2001), Montgomery App. No. 18561, and U.S. v.Phillips (1981), 664 F.2d 971. I would reverse and grant the motion to suppress.
[1] (1968), 392 U.S. 1.